### Bart Moran v. The State.

#### No. 3059.   Decided April 15, 1914.

**1.—Theft—Confession—Co-defendant.**

Where, upon trial of theft, the evidence showed that defendant and his co-defendant were together when the alleged stolen property was sold, etc., and that they were together in jail when the confession of the co-defendant was made which led to the finding of the alleged stolen property, and defendant acquiesced therein by remaining silent, there was no error in admitting said confessions, even though the defendant himself did not make such confessions.

**2.—Same—Original Taking—Charge of Court.**

Where, upon trial of theft, the court affirmatively submitted defendant's defensive theory that he was not a party to the original theft, there was no error on that ground.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, Judge.—Appellant was convicted of theft and his punishment assessed at two years confinement in the penitentiary.

On the night of the 20th of April, J. M. Harkey had his horse and buggy stolen from him. Appellant and one John Nelson were found in possession of the horse in Ardmore, Oklahoma, and were arrested and jailed. Mr. Harkey went to Ardmore, identified his horse, and talked to appellant and Nelson while in jail and they told him where he would find his buggy—that it had been sold to Mr. Johnson at Denison, a newspaper man. He found the stolen buggy at the place stated by either appellant or Nelson. Mr. Harkey was not certain which one told him, but says they were both present engaged in the conversation, and he then and there was told where he would find his buggy, and they admitted they had taken it. This conversation in the jail was objected to by appellant on the ground that appellant was in jail; that the confession was not in writing, and was not a res gestae statement, and witness was not certain that appellant made the statement testified, as it may have been made by John Nelson, and appellant would not be bound by statements made by Nelson, even if the statement was admissible against Nelson. The stolen buggy having been found in pursuance of the confession or statement, the fact they were in jail and the confession not in writing, would not render it inadmissible. Article 810, Code Criminal Procedure, provides that if in connection with such confession he makes a statement of facts that are found to be true, which conduces to establish his guilt, such as the finding of stolen property, the confession is admissible, and in this instance the stolen buggy was found solely by reason of the statement or confession admitted in evidence. And it would be immaterial whether the statement was made by Nelson or appellant; they left Dallas together in the stolen buggy; were together in Denison when the stolen buggy was sold, and appellant stated at the time the sale was made to Mr. Johnson that it was not stolen property; they went from Denison to Ardmore together, and were arrested in charge of the stolen horse; they together talked to Mr. Harkey in jail, and each would be bound by the statements made by each of them in this conversation, in the presence of each other, which they each acquiesced in, by silence at least.

The defendant testified to facts tending to show that he was not a party to the original theft, and the court fairly submitted this issue to the jury, instructing them: "You are further instructed that if one John Nelson left this defendant and went off and himself hired or took the property without the knowledge or consent of the owner and this defendant was not present with him at the time he took it, then you will find the defendant not guilty, or if you have a reasonable doubt as to whether this is true, you will give the defendant the benefit of such doubt and find him not guilty." This submitted affirmatively the only defensive issue made by appellant's testimony, and the judgment is affirmed.

*Affirmed.*